IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH DION WASHINGTON, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-845-M-BK |
| | § | (CRIMINAL NO. 3:17-CR-12-M-8) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Keith Dion Washington's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, Washington should be permitted to file an out-of-time appeal in his underlying criminal case and his § 2255 motion should be **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

In 2018, Washington pled guilty to conspiring to commit offenses against the United States and was sentenced to 54 months' imprisonment and ordered to pay $18,404 in restitution. *United States v. Washington*, No. 3:17-CR-12-M-8 (N.D. Tex. Nov. 30, 2018); Crim. Doc. 273. Although his retained counsel, Darian Howard, timely filed a notice of appeal, Crim. Doc. 282, the appeal was subsequently dismissed for want of prosecution because Howard failed to timely order the transcript and make financial arrangements with the court reporter. *United States v. Washington*, No. 18-11610 (5th Cir. Jan. 17, 2019); Crim. Doc. 302.

In his timely § 2255 motion, Washington asserts "[i]neffective assistance of counsel for failure to timely file appeal." Doc. 1 at 4. Specifically, he asserts that Howard "filed a notice of appeal on December 13, 2018," but that his "failure to timely file his client's Appellant's [sic] Brief denied hi[m] effective assistance." Doc. 1 at 4. Washington contends that he "should not be held accountable for [Howard's] actions and denied his constitutional right to First Appeal." Doc. 2 at 2. Doc. 1 at 4. He, thus, requests an out-of-time appeal and the appointment of counsel. Doc. 1 at 4; Doc. 2 at 2.

The Government opposes § 2255 relief relying on Howard's affidavit. Doc. 8 at 4; Doc. 9 at 3. In its supplemental response, the Government contends that Howard was not deficient in abandoning the appeal without first seeking permission to withdraw from the Court of Appeals and obtaining Washington's consent. Doc. 13. Washington did not file a reply to either the original or the supplemental response.

Upon review, the Court finds that Howard was constitutionally ineffective in abandoning Washington's appeal. Thus, Washington should be permitted to file an out-of-time appeal.

## II. ANALYSIS

### A. Applicable Standard

A criminal defendant has a Sixth Amendment right to effective assistance of counsel on direct appeal. *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004); *see also Chapman v. United States*, 469 F.2d 634, 636 (5th Cir. 1972) ("[A]n appeal from a district court's judgment of conviction in a criminal case is a matter of right. Abridgement of this right is incompatible with the most basic concept of due process.") (citations omitted). It is also well established that a counsel's failure to file or perfect an appeal when the defendant requests one amounts to a *per se* denial of the right to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Under such

circumstances, "prejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken'" and "'no further showing from the defendant of the merits of his underlying claims'" is required. *Garza v. Idaho*, — U.S. —, 139 S. Ct. 738, 747 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484).

Further, the United States Court of Appeals for the Fifth Circuit has held that "if privately-retained counsel continues to represent his client until the appeal stage of the proceedings arrives, 'he can't be permitted simply to bow out without notice either to the court or client and frustrate forever the right of the client to protect his vital interests.'" *Chapman*, 469 F.2d at 636 (quoting *Atilus v. United States*, 406 F.2d 694, 696 (5th Cir. 1969)). The appellate court observed that when "counsel filed a timely notice of appeal but then failed to take any further action . . . counsel's abandonment of the appeal, without notice and without the defendant's consent, deprived the defendant of the right to counsel and the right to appeal." *Id.* (citing *Woodall v. Neil*, 444 F.2d 92, 93 (6th Cir. 1971)).

### B. Abandonment of Appeal

The sole issue in this case is whether Howard abandoned Washington's pending criminal appeal without notice to Washington or the Fifth Circuit Court of Appeals by neglecting to (1) order the transcript and make financial arrangements with the court reporter or (2) file a motion to withdraw or to dismiss the appeal, which ultimately resulted in Washington's direct appeal being dismissed for want of prosecution. Crim. Doc. 302.

In his affidavit, Howard affirms discussing with Washington (1) "the option of an appeal," (2) the costs involved in appealing, and (3) the "unpaid balance for legal services performed in the initial case." Doc. 9 at 3. Howard states he then collected the appellate filing fee and filed a timely notice of appeal. Doc. 9 at 3. He avers, however, that because Washington

neither paid his outstanding attorney's fees nor set up a payment plan for the legal fees on appeal, he took no further action, resulting in the appeal being dismissed. Doc. 9 at 3.

Although Washington did not file a reply, the facts are not in dispute. Also, Washington's allegations are corroborated by the record. On December 13, 2018, Howard filed a timely notice of appeal and paid the filing fee. Crim. Doc. 282. A review of the Fifth Circuit's docket sheet reveals that on December 19, 2018, the Clerk sent a letter to Howard advising him of the procedure to order transcripts and that the appeal would be dismissed if transcripts were not ordered within 15 days. Because that deadline was not met, the Fifth Circuit promptly dismissed the appeal for failure to order transcripts and make financial arrangements with the court reporter. Crim. Doc. 302. Because Howard as attorney of record for Washington—having filed the notice of appeal and not moved to withdraw as counsel—was Washington's attorney of record, the Fifth Circuit served its letter and dismissal order only on Howard.

The Government concedes Howard never moved to withdraw in the Fifth Circuit or in this Court, as was his duty. Doc. 13 at 2-3. *See Fifth Circuit's Practitioner's Guide* at 8 ("An attorney who seeks to withdraw from a criminal appeal or from an appeal involving post-conviction relief *must* file a motion in this court." (emphasis added)).[1] Also, there is no evidence that Howard ever advised Washington of the right to request appointment of appellate counsel or to proceed *pro se*. *See* Tex. Disciplinary R. Prof'l Conduct 1.15(b)(1), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar. R. Art. X, § 9) ("[A] lawyer shall not withdraw from representing a client unless . . . withdrawal can be accomplished without material

---

[1] http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf (last accessed Oct. 19, 2021).

adverse effect on the interests of the client . . . ."). Conspicuously, Howard's affidavit is silent on the latter issue; and Howard also does not refute that his abandonment negatively impacted Washington's appeal. Doc. 9 at 3.

Based on this record, the Court concludes that Howard's failure to order transcripts or take some other action to prevent dismissal of the appeal denied Washington his direct appeal and constituted ineffective assistance of counsel. This Court reached the same conclusion in *United States v. Kerr*, No. 4:16-CV-454-O (N.D. Tex. July 11, 2019) (O'Connor, J.). There, counsel neglected to file Appellant's brief, which resulted in the appeal being dismissed for want of prosecution. The Government did not oppose granting § 2255 relief in the form of an out-of-time appeal. The Court agreed observing that "where a timely notice of appeal is filed and counsel fails to take further action, counsel's abandonment of the appeal deprives the defendant of the right to counsel *and* of the right to appeal." *Id.*, ECF Doc. 8 at 4 (emphasis added) (citing *Woodall v. Neil*, 444 F.2d 92, 93 (6th Cir. 1971).

Likewise, other district courts within the Fifth Circuit have granted § 2255 relief in similar situations. *See United States v. Reliford*, No. 5:11-CR-00317-01, 2016 WL 3023330, at *2-3 (W.D. La. May 23, 2016) (finding direct appeal was dismissed due to ineffective assistance because counsel never moved to withdraw *and* there was no evidence that he had advised the defendant of the right to request appointment of appellate counsel or the right to proceed *pro se*); *United States v. Lara-Castro*, No. C-09-1060, 2012 WL 12866312, at *3 (S.D. Tex. 2012) (concluding counsel was ineffective because he failed to order transcripts *and* his attempt to seek the defendant's consent to withdraw—by sending a letter in English to a Spanish-speaking client–was simply inadequate); *see also Luviano-Cardenas v. United States*, No. 4:07-CR-216(1), 2012 WL 113570, at *2 (E.D. Tex. Jan. 13, 2012), *recommendation adopted*, 2012 WL

4490707 (E.D. Tex. Sep. 28, 2012) (finding counsel abandoned defendant's direct appeal by failing to follow through with the appeal *and* contact the defendant).

The Government attempts to distinguish *Kerr*, asserting that Kerr's counsel refused to provide an affidavit rebutting the defendant's statements and, consequently, it was forced to concede error and agree to an out-of-time appeal. Doc. 13 at 1. However, that is a distinction without a difference. Here, as in *Kerr*, counsel's failure to prosecute the appeal resulted in the dismissal of the appeal for want of prosecution and the denial of defendant's right to a first appeal. *Kerr*, No. 4:16-CV-454-O, ECF Doc. 8.

The Government also argues Washington knew that his failure to pay for transcript would eventually result in his appeal being dismissed and, by his silence, he impliedly consented to the abandonment of his appeal. The Government posits that Washington failed to meet his burden of proving that Howard really abandoned him on appeal. Doc. 13 at 2 (contending Washington did not provide "a sworn statement, that he did not consent to the failure to order transcripts and the effective abandonment of his appeal"); Doc. 13 at 3-4 (asserting Washington "failed to show that he did not know about or consent—either overtly or implicitly by his own actions—to the 'abandonment' of his appeal"). These arguments are unpersuasive.

*Chapman* places the burden squarely on counsel to give notice either to the court or his client of his intention not to continue with the appeal and to ensure that the defendant is informed of his right to counsel on appeal. *Id.*, 469 F.2d at 636. Howard, however, did neither here. *See Lara-Castro*, 2012 WL 12866312, at *4 ("[C]ounsel had responsibility for the appeal until the Fifth Circuit granted him/them leave to withdraw . . . [and] was responsible for ensuring that his client's appeal was not adversely affected by his withdrawal."). By failing in his duty to contact his client or file a motion to withdraw in the Fifth Circuit or this Court, Howard essentially

deserted his client and deprived him of his right to appointment of counsel on appeal. Simply put, Howard abandoned Washington's appeal.

On this record, the Court finds that Washington received constitutionally ineffective assistance of counsel on appeal. Accordingly, Washington is entitled to file an out-of-time appeal. *See United States v. West*, 240 F.3d 456, 459-60 (5th Cir. 2001) (holding the defendant is entitled to an out-of-time appeal when his attorney renders constitutionally ineffective assistance of counsel in failing to preserve appellate rights); *United States v. Cooley*, 549 F. App'x 307, 308 (5th Cir. 2013). Washington's § 2255 motion should be dismissed without prejudice, and the underlying criminal judgment should be re-entered to trigger anew the period for filing a notice of appeal. *West*, 240 F.3d at 460.

### III. CONCLUSION

For the foregoing reasons, Washington's § 2255 motion should be **DISMISSED WITHOUT PREJUDICE** and he should be permitted to proceed with an out-of-time appeal in his underlying criminal case. To that end, the Clerk of the Court should be directed to re-enter the judgment in the underlying criminal action, Cause No. 3:17-CR-12-M-8 and file a notice of appeal on Washington's behalf no later than 14 days after the reentry of the criminal judgment. The Court will then determine whether Washington qualifies for the appointment of counsel.

**SO RECOMMENDED** on November 3, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).